Good morning, your honor. John R. Sommer for appellants. May it please the court. I think we have four issues here. I'll discuss the first three pretty quickly and then we'll get to judicial exhaustion. The first is whether there is a, what we should do procedurally. And procedurally, I filed a motion to consolidate. And if the consolidation is granted, then you don't need to address whether the first appeal is moot and needs to be dismissed. The court has broad authority over briefing and argument. We fully briefed the judicial exhaustion. I see no point in waiting months and filing the same briefs again and then having the same argument. But there's nothing more you want to brief? I mean, you now have, you have the decision on dismissing the whole case. It's similar to the decision on the denial of the preliminary injunction. But from your perspective, there's nothing more you want to brief? Correct. Okay. The second issue, judicial exhaustion, I'll save that for last. Constitutional violation, the state hasn't responded to the Supreme Court cases and why they're applicable. So I don't need to say anything more about those. Well, the merits of this, I mean, the underlying First Amendment merits, the district court never reached. That's correct. And then, and then also, then the fourth issue would be whether preliminary injunction should be ordered to be granted on remand. And I think I pretty well explained in the brief why timeliness, lack of damages, the only remedy in this case is a preliminary injunction. But you'd still have to win on the merits. I mean, again, no one's reached that, right? You'd have, that's a separate question. We have an exhaustion issue that, and there's a threshold question as to whether that was right. But there still has to be a decision on the merits of the actual constitutional violation. We don't have that yet. Yes, that's correct. And by the way, I wanted to reserve six minutes. But I think that the court could decide that as a matter of law, if it preferred to remand to the district judge, either makes sense. So let's talk about judicial exhaustion. And the district judge made an error of law for three reasons. First, California Civil Code procedure section 1094.5 applies only if the hearing is required by law and evidence is required to be taken. Well, first of all, isn't there a general principle that there is no judicial exhaustion requirement under 1983 ever? Which is not discussed in your brief. But Section 1983 does not brook a judicial exhaustion requirement. And there was a recent Supreme Court case that rested directly on that. The, wait a minute, Nick case. So I don't understand why we're even talking about judicial exhaustion. Unfortunately, I'm unfamiliar with the case. It's not just that case. It goes way back. That there's no judicial exhaustion requirement under 1983. Oh, no, I'm talking about, the argument is this is barred by res judicata or collateral assault. I understand that. But you started by talking about judicial exhaustion. And I'm saying as a general matter, there is no, this is helpful to you, but it's not in your briefs. As a general matter, there is no judicial exhaustion requirement under 1983. All right. Well, then I'll take that for granted then. So in which case, then we don't need to discuss it. All right. Well, keep going. Go ahead. So California laws on McDaniel v. Board of Education, which is 44 Cal. App. 4th at 1618 provides that the record does not show, this is quoting, the record does not show the appellant's claim was one on which the law required a hearing to be given and evidence to be taken. And if that is not the case, which is not in this case, then there can be no judicial exhaustion at all. Isn't your other strongest argument that this agency was not empowered to decide the constitutional issue and didn't, so there's nothing to apply res judicata to? Well, I would like to make that argument. I'm not sure that California law supports that. But it didn't. It said it didn't. Well, yeah, it clearly did not. I mean, that's sort of the first issue which I think we all take for granted is that there was no, to have res judicata, collateral estoppel, there has to be a finding. It has to be determined because you can't have collateral estoppel an issue that hasn't been determined. And it wasn't. Correct. Why don't we stop right there? I think we could. Okay. But I want to make sure that we, that there's multiple reasons why it should be reversed. So the, and as we are going to look at the McDaniel case, there are the appellant side of Chavez versus Civil Service Commission below. And they don't unappeal, but I want to just make sure the court knows that it doesn't apply. That case said there can be an implied right to an hearing, and therefore there can be an implied right to file a writ of administrative mandamus. And that case doesn't apply because McDaniel's is more recent and determinative. Second of all, it says unless the statute says otherwise. In this case, the relevant statute, which is Business and Profession Code 19-517A, says upon due consideration. That doesn't mean a hearing. Due consideration means they could just read the steward's ruling and say it's good. So that's not a requirement for a hearing. So the, and then the Chavez case is a very unique factual situation. And finally, if Chavez is read into the law, how are appellant, how are people to know that there's going to be an implied hearing that gives them an implied right to appeal? So that induces uncertainty. Second, this is not quasi-judicial. Surprisingly, the cases do not seem to turn to the primary source of California law. Because this court, for whether there is judicial exhaustion, looks to California law. And that is the California Administrative Procedure Act. And the Act says in section 11-500 at SEC, what is a formal hearing? In my reply brief, I give seven reasons why this cannot be a formal hearing under California law. And the Board actually knows how to have formal hearings because, for example, in the Capital Racing case, it specifically decided to grant a formal hearing. But we don't, I mean, this is another argument, but it's not one we would need to reach. If the Board didn't have jurisdiction to issue a decision, it's hard to understand what would be preclusive about that decision. I agree. But you seem to think there was some doubt about, well, we know the Board said it didn't have jurisdiction and didn't decide it. And you seem to think it's questionable whether it did have jurisdiction? I mean, I thought it was clear under California law that agencies cannot hold unconstitutional the statute that they're operating under. Well, to argue against myself, there is law that if you have the right to file a writ of administrative mandamus and you don't, then the whole case is registered. But that's a different point than what the agency's authority is. Yeah. Is there any doubt that the agency both didn't and didn't have authority to decide the constitutional issue itself? Yeah. The appellees are arguing that although the agency didn't have the authority, that if I had appealed to the Supreme Court... I understand that. I'm asking you a specific question. Yeah. Is there any doubt that the agency did not and did not have the authority to decide the constitutional question? The agency did not have the authority to decide the constitutional issue. Thank you. I'd also, it may be pointless, but I'll go on to the Utah construction fairness standard, due process standard. And there's no right to subpoena, so it doesn't meet the standard. Also, I've made a big argument about it needs to be an administrative law judge. California legislature has made it clear that that's essential under California law in a formal proceeding, that you have an administrative law judge who meets minimum statutory requirements, vetted, trained, meets constantly, being supervised, and of course has tenure. And I explain why tenure is important, because if you're assigned on a case-by-case basis, this is just like a party selecting a private judge. They look to see if the private judge gets repeat business from that law firm or that insurance company. It makes a big difference. That's why federal judicial officers have tenure-dream good behavior. So I think that there is no Utah construction fairness. So I think I'll reserve the rest of my time. Okay. Thank you, Mr. Sommer. Mr. Jones, good morning. Yes, good morning. Kenneth Jones from the California Attorney General's Office. May it please the Court. Looking at the decision from the Board, it indicates that they clearly did find the constitutional claims. Well, they kind of pontificated on them. They said sort of what they would do if they could decide them, but they can't decide them. And they said that? Well, they said they can't refuse to follow a rule by determining that rule to be unconstitutional. And I think that's consistent with the California Constitution. But the hearing officer, which was adopted by the Board, did specifically find that the constitutional claims failed. But are you arguing that a decision can have preclusive effect when the agency lacked jurisdiction to resolve the claim? I'm arguing... No. Well, yes, I am actually arguing that because there's the ability for judicial review. And the ability for judicial review, and these are principles of federalism, as I'm sure the Court is well aware of. This is the California Constitutional Agency, and it made a decision based upon the enforcement of California law. And the California Superior Court, in this case, had the ability to review that. But how do you address Judge Berzon's point that there is no exhaustion requirement for Section 1983? I believe that does not take into consideration the primary rights doctrine of the California law. Now, there is no administrative exhaustion requirement under 1983, but that doesn't mean there's no claim preclusion for failure to exhaust judicial remedies. So there's two separate issues here. We're not arguing that there was an obligation to exhaust administrative remedies. The issue is failure to exhaust... No judicial exhaustion requirement in 1983. Yeah, exactly. There's no judicial exhaustion requirement for 1983. Exactly. But there is a judicial exhaustion requirement under California law, and federal courts do apply California claim preclusion laws to the extent that it applies the primary rights doctrine, which is the same primary right that is at issue in both of these cases, and that is the issue of whether he can race that horse. That's the same primary right. He had different theories as to why he's entitled to it. One of the theories that he raised that why he's entitled to it is because his constitutional rights were violated. But that's just a theory. But in the end, you are asking for preclusion by the agency, and the agency had no authority to decide this question and didn't. Incorrect. We are asking for preclusion because California recognizes that if an agency decision has not been challenged in a judicial proceeding, it then becomes a final decision. California law, N94.5, which is clearly applicable here, and I can address the reasons why it is applicable. Utah standards require that the agency has to have had authority to decide the question. I mean, Utah is about preclusion to the agency. And Utah, under the federal standards for preclusion, administrative preclusion, you can only have administrative preclusion with regard to an agency with jurisdiction. It doesn't say anything about judicial exhaustion. And there's a good reason for that, which is that there is no judicial exhaustion requirement under 1983, at least. Now, some of the cases aren't about 1983, but in any event, the standards for administrative preclusion require that the administrative agency have had jurisdiction. The federal standards, before you get to the state standards. And it's our position that the state agency did have jurisdiction. It's the only agency that's vested with jurisdiction to address the claims that were here. How can you say that? I mean, I don't think they have the ability to vindicate the constitutional claim, do they? Your argument is that they may not, but a state court would. And the problem with that argument is that you're then telling the Section 1983 plaintiff that they have to go to state court. The Supreme Court has said they don't. We are saying that they have to go to state court because they sought relief initially before the administrative agency. And so that sets in motion a procedure that needs to be seen all the way through. It needs to be exhausted. He didn't have to win in front of the agency, didn't have to win in state court, but he had to pursue those. And the failure to do so, there's a long line. Is your position ultimately that if they lost in state court, then they could come to federal court and litigate about what the agency did? I believe that they could have. Well, but then you'd be here saying that that is preclusive, right? This is the preclusion draft that the Supreme Court has said, don't do that. Well, the issue is primary rights. I think that's the issue. And that's a California concept, but we're trying first to understand when in federal court there is preclusion from an agency decision under federal standards before you get to the state standards. I understand that the state standards get wrapped in at some point, but there still has to be federal standards that are met first. Is that incorrect? I would agree with that. I think the federal standards are the Utah construction standards and whether there was, in fact, a fair hearing according to that. And here we would submit to the- Well, how can you have a fair hearing on an issue that the agency can't decide? Well, the agency can decide that issue. No, it can't. You're telling me that it can't, but you can go to do a 1094.5. What the argument is, is that the agency cannot refuse to enforce a rule. That's the issue. It doesn't say they can't consider that as an argument. And the issue is, can they consider that rule? And they did consider that rule. I don't think that's how we usually think about jurisdiction. Just because somebody can present something doesn't mean there's jurisdiction to decide it. People can present whatever they think they want to present, but that's a separate question of the power of the body, whether it's an agency or a court. Well, this court's decisions, though, in the Peneley, the Lundgren case, and the Dash versus ABC case squarely address that constitutional provision. Article 3.5 of the California Constitution, they specifically address it. And they specifically look at the availability of judicial review under administrative mandamus. And those have to be considered here, because it's an entire state process that involved the right of the appellants here to race the horse. Can I ask you a procedural question relating to, so now there's two appeals. And I saw that you are opposing the motion to consolidate. And from your perspective, what additional briefing do you believe is necessary from the state side on the second appeal? Certainly. Thank you, Your Honor. There were issues that were raised, the defenses that were raised, specifically defenses related to qualified immunity, to the extent that individuals are being served that were not addressed at all in the briefing on the injunction. So what is your intention would be to file an answering brief that asks us to affirm on alternative grounds that the district court didn't reach? Yes, exactly, Your Honor. And I know a cross-appeal is a state law function. And I don't think I need to file a cross-appeal to raise those. But there were other defenses that were raised. And we think those standing alone would support the affirmance of the dismissal. OK, so you want to file another brief. Your opposing counsel has said he does not need to file another opening brief. He can correct me if I have a different view after hearing this discussion. But I think he said he does not need to do that. So you would file, you wish to file an answering brief to raise some additional arguments. And then he would have a reply. Is that the extent of what would need to be done here from your view? Yes, Your Honor. Now, discussing the issue as to whether 1094.5 was— That assumes that we would decide the merits, the merits merits, i.e., the First Amendment issues and the qualified immunity and so on that the district court didn't reach, as opposed to simply deciding whether the ground that he did grant the injunction on was valid and remanding it. Well, let's— Would it be your position that even though the district court didn't address the First Amendment question and didn't address the qualified immunity question, that we should address it anyway in the second appeal? In the second appeal, I think it would be appropriate for the court to consider whether there are alternative grounds to affirm the underlying judgment, yes. OK. Qualified immunity, in particular, is something that should be decided early in a case, of course, as you're well aware. The arguments as to whether judicial review under 1094.5 was available, it doesn't start and stop at a review of Business Interpretations Code 19-517, as was suggested. California law, again, is pretty robust in discussing that a hearing can be required by statute, but also if it's under—if it can be implied from the statute or if it's set forth in a regulation. And there's this extensive authority that when there's a requirement of an adversarial exchange, an evidentiary adjudicatory proceeding, then review under 1094.5 is available. And if it's available, it needs to be exhausted. Even specifically looking at the regulations that were controlling for the board's decisions, Title IV California Code of Regulations specifically address an appeal from a decision from the steward, which is exactly what happened here. And Rule 1764 specifically requires there be a hearing. It talks about the hearing, talks about the burden of proof at the hearing. Rule 1414 talks about the appointing of a referee, which was done here, which is perfectly appropriate. Talking about the referee shall take the evidence. Rule 1988 talks about that you have to resolve the issues, shall enter evidence, make findings. And lastly, Rule 1763 specifically says that after the board issues its decision, such decision is subject to review by the courts having jurisdiction. So that's another clear legislative intent under California law that review under 1094.5 was available. The issue concerning judicial, you know, exhaustion of judicial remedies is pretty clearly outlined in the Dittus Court's decision, and it was brief. I think the Doe versus Regents decision talks about that. Again, giving deference and comedy and federalism respect for the decisions of the California courts and the California agencies, I think it is important here. But there's no decision to respect. That's the problem. There is no decision. But again, I understand that, Your Honor. And the failure to challenge a decision, though, which is what happened here, the failure to challenge the decision makes that decision binding. And that's what happened here. There was available judicial remedy. It was not pursued. And it could not have been pursued by the federal courts. Any comment on how your view of how this operates interacts with, I'm quoting now from a 2019 Supreme Court case, Nick versus Township, let's see, Nick versus Township of Scott. The general rule is that plaintiffs may bring constitutional claims under 1983 without first bringing any sort of state lawsuit, even when state actions addressing the underlying behavior are available. All right. And then it goes on to elaborate on that. So how do we reconcile your view that they had to go to state court to litigate something that the agency didn't litigate with that pronouncement? Didn't and couldn't litigate. Because they did go to the administrative agency first. But presumably they knew when they went there or they should have known or it turned out that that agency had no authority over the constitutional decision. So why aren't they in the same spot as if they ever went in the first place? It had no authority. It didn't decide it. So even if you were right about going to an agency that did have authority, how could you be right about an agency that didn't have authority? With regard to the obligation to go to court. Because if a decision is made to pursue a particular claim in an administrative agency or that doesn't have the authority over the claim. Arguably, they did have authority to to affirm it, but not to set aside your honor. But I'll leave that for for the court's determination. The issue is then because what do you do if you lose in that form? Can you just ignore that loss? And that sets aside all sorts of principles of repose, finality of judgments. I mean, you can't allow people to to pursue claims and then just ignore them if they don't like the decision. Suppose they had gone to the agency and never raised the constitutional claim at all, then what? Then the issue would be would be looked at as to whether those primary rights, in fact, were implicated. And I think that's where the issue comes up as to whether the basis for those that particular claim. Can he race this horse? That's his point. And he's again, the constitutional. You're saying that he could still have raised Uticada if he didn't, if it was the same primary right and he didn't raise the claim, even knowing that the agency didn't have authority over it. Well, that's not the case before us. I think the issue is, could they have been raised? And I suppose then it would invite an argument or discussion as to whether they could have been raised or not. But that's not our case. They did raise some other arguments before the CHRB. That entity did have authority to decide. And those are not before us. So it's not as though they went to the agency. There are some things the agency could decide and they decided them. And there's some things that they couldn't decide and they didn't decide them. And the ones that are in front of us now are the latter. Well, what's in front of you now, of course, is the issue of can I race this horse? That's the issue. And there's different theories as to, again, I don't want the court to lose sight of the fact that there may be claims and there may be theories that support a claim. Some of the theories that are being raised are raised under constitutional violations. Those are the theories that support the claim of I want to race my horse. So those are the different theories. And again, they were raised and they were considered and they were rejected. I understand what the court says. And I do understand the decision is pretty clear. They say, we find this thing. Then it says, another thing, this constitutional code might constitutional prohibition of refusing to enforce a state law because you think it's unconstitutional. That's something for the courts to decide. So, again, it was specifically invited to go to the court, go to the California courts and have this decided. So, again, if we're looking at a determination of does the agency have jurisdiction, it specifically said, look, this is what we're going to do. We don't think that the Constitution has been violated. We reject all of the claims. And they have a reasoned decision on that after a full and fair hearing. They say, nevertheless, this constitutional provision might would prevent us from refusing to enforce it. If that were the case, go to the courts. So, again, they were instructed and invited to go to the courts to do so. So so you have a situation where there's ample opportunities to have this that matter decided. And that's what the Keneally and the dash cases say is adequate opportunities to have something decided in the California system, whether it's an administrative system or if it's judicial review of the administrative decision that then has to be exhausted because you're you're trying to relitigate an issue with that you've already lost on or he wasn't trying to really get an issue that he already lost on. He hadn't lost on it because it wasn't decided. I'm having a very hard time with your I understand they pontificated on it, but then they said we have no jurisdiction to decide it. And that's true. And then then this court's precedent in the Keneally and the dash case is coming to play. Well, the dash case specific, actually, if you look at the dash case, the dash case said we're not going to decide this because we don't have to. We're going to go to the merits. And when we get to the merits, we end up in the same place. So they didn't do that. But it is but it's but that's the argument, though. And it certainly appears to be the same argument that is that is now being raised here. If you have a situation decided a dash and we might have to decide it here. And or Keneally, your honor. OK, I think we let you go over your time, Mr. Jones, but I appreciate your argument this morning and we'll hear rebuttal. Thank you. I really don't have much to say. There's some reference to some California code of regulations. They talk about procedure when a pill is filed. It doesn't give the right requirement of a hearing. So if you read those sections, regulations 1761, 1763, 1764, they don't create a right to a hearing. I mean, you probably aren't even going to get to this issue. But if you do, whether there's under 1094.5, whether it's right to appeal. And likewise, Section 19463 is a statute of limitations. It doesn't create the right requirement of a hearing. And I think it's right. As I point out, my brief, you can't raise the ownership of an alcoholic beverage license in a worker's comp case, even if you try to. I have nothing further, your honor. OK, thank you, Mr. Summer. I want to thank both parties for their arguments this morning. This matter is submitted.
judges: BERZON, RAWLINSON, BRESS